UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROOSEVELT WALKER,

        Petitioner,

v.                                                   CASE NO. 07-14103
                                                HONORABLE VICTORIA A. ROBERTS

SUSAN DAVIS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY
## AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

**I. Introduction**

Petitioner Roosevelt Walker has filed a *pro se* application for the writ of habeas corpus. The habeas petition challenges Petitioner's 2004 state convictions for (1) possession with intent to deliver 1,000 grams or more of cocaine and (2) possession with intent to deliver less than five kilograms of marijuana. A Wayne County circuit court judge sentenced Petitioner to imprisonment for concurrent terms of fifteen to thirty years for the cocaine conviction and seventeen months to four years for the marijuana conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, and the Michigan Supreme Court denied leave to appeal on February 27, 2007.

Petitioner filed his habeas corpus petition and a motion to stay the proceedings on September 28, 2007. The grounds for relief read:

    I.      The prosecutor failed to present sufficient evidence of possession with intent to deliver cocaine and possession with intent to deliver marijuana.

    II.     Petitioner was denied due process and the right to a trial before a properly instructed jury because the trial court gave an erroneous

reasonable doubt instruction.

    III.    Petitioner should have been allowed to file a supplemental brief so that he could have exercised his constitutional right to a fair and adequate review of his criminal conviction.

Petitioner seeks a stay so that he can return to stay court and exhaust state remedies for the following additional claims.

    IV.[1]    Petitioner was denied his due process rights and effective assistance of counsel when counsel failed to challenge the probable cause of Petitioner's arrest.

        A.    Petitioner's arrest was illegal, as police had no arrest warrant and no probable cause when they arrested him.

        B.    The alleged statement of Petitioner should be suppressed as fruit of the poisonous tree.

    V.    Trial counsel was ineffective for failing to object to the erroneous reasonable doubt instruction.

    VI.    Petitioner Walker was denied a fair trial and the effective assistance of counsel when counsel failed to object to the court's inadequate instructions on the theory of aiding and abetting.

    VII.    Trial counsel was constitutionally ineffective because he failed to move to sever Petitioner Walker's trial from that of Randall, where the two had mutually exclusive and antagonistic defenses. A remand for an evidentiary hearing under *People v. Ginther* is warranted.

## II. Discussion

---

[1] The Court has renumbered Petitioner's unexhausted claims for ease of reference and so that the claims follow consecutively the exhausted claims.

Prisoners must exhaust available state remedies before seeking a federal writ of habeas corpus. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner acknowledges that he has not exhausted state remedies for claims IV through VII and that he has an available state remedy to exhaust for those claims. Although district courts ordinarily must dismiss mixed petitions in their entirety, *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982), the dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). "The combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 230 (2004). In light of this dilemma, courts may stay claims that have been presented to the state courts and dismiss unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Stay and abeyance are appropriate if (1) there was good cause for the petitioner's failure to exhaust state remedies for his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

3

Petitioner does not appear to be engaged in abusive litigation tactics or intentional delay, and his unexhausted claims are not clearly meritless. In addition, Petitioner alleges that he did not raise all his claims on appeal because he was unable to obtain a copy of the trial transcript and the state court of appeals rejected his motion to hold the appeal in abeyance.

The Court concludes from the facts as alleged that it would not be an abuse of discretion to stay this case. Accordingly, Petitioner's motion to hold this case in abeyance [Doc. 3, Sept. 28, 2007] is GRANTED.

The stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order if he has not already filed a post-conviction motion for relief from judgment. The stay is further conditioned on Petitioner moving for reinstatement of this action within **sixty (60) days** of exhausting state remedies for claims IV through VII.

The Clerk of Court shall close this case for administrative purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: November 2, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on November 2, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk